NEW YORK & PHILADELPHIA COAL & COKE CO. v. MEYERSDALE COAL CO.

(Circuit Court of Appeals, Third Circuit. October 25, 1916.)

No. 2122.

1. CONTRACTS ⊚⊶176(6)—CONSTRUCTION—JURY QUESTION—WRITINGS.
   The meaning of correspondence through which a contract was consummated should not be submitted to the jury.
   [Ed. Note.—For other cases, see Contracts, Dec. Dig. ⊚⊶176(6); Trial, Cent. Dig. § 326.]

2. SALES ⊚⊶418(3)—BREACH BY SELLER—DAMAGES.
   Where defendant, which agreed to make monthly shipments of coal, agreed to spread the shipments over the entire month, the measure of

⊚⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

damages for breach would be the difference between the contract price and the average price of coal during the month.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1181; Dec. Dig. ⊜418(3).]

3. APPEAL AND ERROR ⊜1067—REVIEW—HARMLESS ERROR.

In an action for breach of a contract to deliver coal monthly, which defendant denied, the damages on defendant's theory, if the contract were established, amounted to more than were allowed, while plaintiff's claim exceeded the amount admitted by defendant. Instead of charging as to the result of the written agreement that deliveries should be spread over the whole month, and its effect on the measure of damages, whereby recovery would be limited to the difference between the contract and the average monthly price, the court submitted that matter to the jury. *Held*, that the submission of the question, and the failure of the court to charge on the question of damages, was prejudicial error, in view of the verdict, for the jury evidently could not have computed the damages on the proper theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ⊜1067; Trial, Cent. Dig. § 475.]

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action by the New York & Philadelphia Coal & Coke Company against the Meyersdale Cole Company. There was judgment for part of the relief claimed, and plaintiff brings error. Reversed and remanded.

Henry W. Hardon, of New York City (Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., of counsel), for plaintiff in error.

Roger Knox, of Pittsburgh, Pa., and Sterling, Higbee & Matthews, of Uniontown, Pa. (E. C. Higbee, of Uniontown, Pa., of counsel), for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. When this controversy was here before (217 Fed. 747, 133 C. C. A. 441), we held that the case should have gone to the jury on the question whether Hoblitzell, who had carried on the correspondence for the Meyersdale Coal Company, was authorized to bind his company by such a contract as had been sued upon. We also said:

"As we read the letters, they show a complete meeting of minds upon all terms of the contract, and we regard the signing of the suggested form merely as a desirable convenience and not as a condition precedent."

[1] At that time we had no occasion to take special notice of the letter dated August 13, but we may say now that we think it entitled to consideration as a part of the contract. It was therefore properly received in evidence, but we think its meaning should not have been submitted to the jury. In connection with the other writings, the trial judge should have construed it, especially the following sentence, which has given rise to the only important question now before us:

"You understand that we wish the monthly shipment spread over each month, and by that we mean not to ship any large amount on one day and then not ship any more for a long time."

[2] The bearing of this sentence upon the measure of damages is obvious. If it is not part of the contract, the parties agreed upon the delivery of 2,500 tons "monthly," and such an obligation would be fulfilled by delivery on the last day of the month. As no coal was ever delivered, the measure of damages would be the difference between the contract price and the market price at the end of each month. Since, however, the letter justifies the conclusion that the parties intended, and contracted with sufficient clearness, that deliveries should be spread over each month, the best measure available for a complete failure to deliver would be the average price during the month.

[3] The verdict necessarily implies that Hoblitzell had authority to make the contract, but it does not inform us what construction the jury placed upon the letter. They may have disregarded it, or they may have accepted it as controlling; but in either event we think the error in submitting the matter to them needs no further consideration—the reason being that from no aspect can the verdict be justified. In brief, the situation was this: If believed, the uncontradicted evidence on the one side and the other established that, if a contract existed at all, the New York Company had suffered damage amounting on its theory to about $6,000, exclusive of interest, and amounting, even on the defendant's theory, to more than $4,000, exclusive of interest. The verdict, however, is for $2,671.50, and for this sum there is no evidence whatever. No doubt the verdict was reached by what is known as a "compromise"; but none the less it is for a wholly arbitrary sum, and does a manifest injustice that should be remedied. We are not criticizing such verdicts as a class; often they are right enough on the whole, although it might not be easy to support them by a syllogism, and sometimes they are a practical necessity. We are concerned simply with this particular verdict in this particular case, and we cannot avoid the conclusion that it could, and we also think it should, have been prevented by proper instructions. The court should have construed the letter, and should have told the jury distinctly that, if the plaintiff was entitled to recover at all (and this is a hazard that will have to be faced before another jury), the verdict should be for the difference between the contract price and the average price during each month; that, while the evidence upon the subject was not wholly in harmony, the market ranged between the maximum and minimum sums testified to by the witnesses; and therefore that the verdict must be within this range. Such an instruction was not given, and for this and the other error we think the judgment must be reversed. The situation was as definite as if the plaintiff had sued on a bond for $1,000, and the defendant had denied the bond, and (as an alternative defense) had proved a payment of $500. In that event, a verdict for the plaintiff in less than $500 would be plainly arbitrary, and could not be justified on the ground that the jury might have found for the defendant. The plaintiff, if entitled to anything, would be entitled to his legal right, and could not be justly put off with a

mere gratuity. We regret to come to this conclusion, for in nearly every respect we have found nothing that needs correction. This matter, however, is vital, for the result has been a wrong to the plaintiff, and we feel bound to correct it.

The judgment is reversed, and a new trial is awarded.