### N. P. SLOAN CO. v. UNCASVILLE MFG. CO.

(Circuit Court of Appeals, Third Circuit. March 31, 1917.)

No. 2203.

1. APPEAL AND ERROR ⬨➔1048(6)—REVIEW—DISCRETION OF COURT—CROSS-EXAMINATION OF WITNESSES.

The range of cross-examination is committed in large measure to the discretion of the trial judge, and error in the exercise thereof must be plain and harmful before an appellate court will reverse.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4145.]

2. APPEAL AND ERROR ⬨➔1048(6)—HARMLESS ERROR—LIMITING CROSS-EXAMINATION—SUBSEQUENT ADMISSION OF EVIDENCE.

Error in limiting the cross-examination of plaintiff's witness is not prejudicial to defendant, where defendant was permitted in the course of his own case to introduce the same evidence he sought to bring out from plaintiff's witness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4145.]

3. SALES ⬨➔422—ACTION BY BUYER—VERDICT—EVIDENCE.

In an action for breach of contract for the sale of a large quantity of cotton pickings, where the jury were correctly instructed that the meas-

⬨➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ure of damages was the difference between the price plaintiff was compelled to pay for pickings of the same quality in the market, and the contract price, and there was evidence on behalf of plaintiff as to numerous purchases at varying prices to take the place of the cotton contracted for, some of which purchases were of a different grade from that specified in the contract, but were claimed by plaintiff's witnesses to be the nearest to the contract grade which could be obtained at the time, defendant cannot have set aside a verdict for plaintiff for less than the total of the amounts paid by plaintiff, on the theory that the verdict was contrary to the evidence and the instruction, and the result of compromise, since the jury could have disregarded the testimony as to some purchases being the nearest to the quality contracted for that could be obtained, and could have based their verdict as to such purchases on other evidence, and the trial court cannot inquire into the method by which they did arrive at the verdict.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1204.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by the Uncasville Manufacturing Company against the N. P. Sloan Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Maurice W. Sloan, of Philadelphia, Pa., for plaintiff in error.

Wm. B. Linn, E. W. Perkins, and H. B. Gill, all of Philadephia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. The Uncasville Manufacturing Company was the plaintiff below, and recovered a judgment of nearly $13,000 for the breach of a contract to deliver 1,450 bales of an article known as "cotton pickings." The Sloan Company urges a reversal for two reasons: First, because the court should have permitted a certain line of cross-examination to be pursued when the plaintiff's principal witness was on the stand; and, second, because the amount of the verdict is not supported by the evidence, and is plainly the result of a compromise.

[1, 2] 1. Of necessity the range of cross-examination is a matter of administration, and must be committed in large measure to the discretion of the trial judge. His error must be plain and harmful before an appellate court will reverse for the exercise of that kind of control. In the case before us we are not satisfied that Judge Thompson was in error in refusing to allow the cross-examination, but in any event the defendant was permitted in the course of his own case to introduce the very evidence that he sought to bring out from the plaintiff's witness; and the whole question to which this evidence applied —namely, what was the true contract between the parties?—was submitted in a careful and accurate charge. None of the defendant's testimony was excluded by the ruling complained of, and we can see no harm that was done by requiring a particular order of proof to be followed.

[3] 2. The other ground of complaint is so satisfactorily disposed of in the opinion of the District Court refusing a new trial (reproduced

in the margin [1]) that only a few words more need be said. In the present case correct instructions on the subject of the measure of damage were given, and in this vital respect the situation differs from New York, etc., Co. v. Meyersdale Co., 236 Fed. 536, —— C. C. A. ——; if the jury made a harmful mistake by departing therefrom, the remedy was by moving for a new trial, and this course has already been adopted, although without avail.

The judgment is affirmed.

[1] "Thompson, District Judge. The only ground upon which counsel for the defendant relies in support of the motion for a new trial is that the jury did not find for the plaintiff for the full amount claimed, $19,656.68, but rendered a verdict for $12,973.50.

"It is urged that the plaintiff was entitled to recover the full amount of its claim, or the verdict should have been for the defendant.

"The plaintiff does not complain of the amount found in its favor. Counsel for the defendant has very ingeniously unraveled the verdict of the jury, and declares that it is based upon the arbitrary allowance of two cents per pound upon the number of pounds of cotton sold and the deduction from the amounts so found of the price of two bales retained by the plaintiff.

"The jury was instructed to find a verdict from the evidence, and, if they found for the plaintiff, they were instructed that the measure of damages was based upon the plaintiff's right to go into the market and purchase the same quantity of the same kind of cotton which the defendant agreed to supply, and to be reimbursed by the defendant for loss covered by the difference between the contract price and the price which it was obliged to pay. They were instructed that the plaintiff was obliged to do all in its power in diminution of damages, and was not at liberty to go into the market and buy some other better sort of commodity, and charge the defendant with the difference. They were instructed that it had no right to go into the market and supply itself with a better type of cotton, or a higher priced grade of cotton, if it could, with reasonable diligence, supply itself with what would answer the description of what the defendant had agreed to supply. If the measure of damages had been based on a single purchase by the plaintiff of the whole quantity which the defendant agreed to deliver, the defendant's contention that the verdict should be for the whole of the difference in price, or nothing, would have some force.

"In the present case the evidence showed a large number of purchases at different periods, with considerable variation in price, in quality, and in description. As to all those purchases, the plaintiff's witnesses testified that the kind of cotton purchased was the nearest to the type P O N E, which the defendant had agreed to supply, which could be had in the market at the time the respective purchases were made. The jury may have believed the evidence as to some, and discredited it as to other, quantities purchased. They may have thrown out some items entirely, and based their conclusions as to cost upon other purchases made at approximately the same period. In accepting the credible testimony and rejecting that which they did not believe, they were acting within their province. Whether they arrived at the verdict by taking an average of the loss upon the entire quantity at two cents per pound is a matter concerning which it is not the function of the court to inquire. The jury was not bound by the statement prepared by plaintiff's attorney, but was under a duty, which the court cannot find they did not perform, of arriving at the damages from the evidence.

"With the wide range of possibilities of differences in the amount of the verdict, the court cannot say that the verdict in this case was against the law, against the evidence, against the weight of the evidence, or against the charge of the court.

"The motion for new trial is therefore refused."