## Daniel J. Campau v. Jacob S. Traub and another.

*Stipulation : Testimony: Cross-examination.* Under a stipulation that the "testimony" of a witness who was examined and cross-examined on a former trial, as the same was taken down by the official stenographer, might be used in evidence, it is error to exclude the cross-examination after having admitted the direct, even though at the request of the party who had conducted such cross-examination.

*Practice in supreme court: Error: Prejudice.* While it is the duty of the party who complains of error to show its existence, it generally devolves upon the other party, on whose motion the error was committed, to show, if he so claims, that the complaining party was not prejudiced by it.

*Rent: Receipts: Evidence: Relevancy.* In an action to recover rent, receipts for rent for certain months preceding those for which recovery is sought, standing by themselves and unconnected with the case by any other evidence, are irrelevant.

*Heard April 23. Decided May 6.*

Error to Wayne Circuit.

CAMPAU v. TRAUB.

*Henry M. Cheever*, for plaintiff in error.

*Alfred Russell*, for defendants in error.

COOLEY, J.

This is a suit brought by the lessor against his lessees to recover two months' rent. It was tried once before, and Daniel J. Campau, Jr., was then a witness for the plaintiff, and his examination and cross-examination were taken down in writing by the official reporter. For a second trial it was stipulated by the parties in writing that the "testimony" of said witness, thus taken on the former trial, might be used in evidence. When, however, the written evidence had been offered and the direct examination had been read, the defendants' counsel stated they did not want the cross-examination, and objected to its being read. The plaintiff claimed a right to have it read, but the court excluded it.

The ruling was erroneous. The stipulation covered the whole testimony, and the plaintiff had a right to the whole. Indeed, in this court no serious attempt has been made to support the exclusion; but it is insisted that the judgment cannot be reversed on that ground, because the bill of exceptions does not set out the cross-examination as taken down, so that we may see whether the defendants were injured by the exclusion; and consequently we cannot see that an error was committed to their prejudice. But while it is unquestionably the duty of a party who complains of error to show its existence, it generally devolves upon the other party, on whose motion the error was committed, to satisfy the court that the complaining party was not injured by it. And when legal evidence once taken in the case and presumptively relevant to the issue, is excluded, we cannot assume that the party offering it was not injured by the exclusion, when we have no better basis for the assumption than the fact that the excluded testimony was the cross-examination of his own witness. The testimony

CAMPAU v. TRAUB.

on cross-examination often has an important bearing on the testimony in chief, either by way of qualification or of supplement; and as pointed out in *Wilson v. Wagar, 26 Mich., 452*, is to be regarded as part of the testimony given on behalf of the party calling him, and may be highly important to his interest. We cannot, therefore, say that the error was immaterial.

It is also assigned for error that the court erred ·in refusing to allow the plaintiff to put in evidence certain receipts which defendants had taken for the rent for certain months preceding those for which recovery was sought in this suit. The relevancy of these receipts to the issue being tried does not appear. In connection with other evidence they might have had some tendency to explain the papers which were put in evidence by defendants to prove payment of the demand sued for; but by themselves they would seem to be, as the court held them, irrelevant.

It follows from what has been said, that the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.