H. J. SMITH, APPELLANT, v. JURGEN JANSEN AND MARGARET JANSEN, APPELLEES.

Promissory Notes: BONA FIDE PURCHASE. S., a resident of New York, purchased before maturity five negotiable promissory notes, each for the sum of $20.00, secured by mortgage on real estate, for $30.00 *Held,* That a judgment that he was not a bona fide purchaser, would not be reversed.

APPEAL from Johnson county. Tried below before WEAVER, J. The facts appear in the opinion.

*Pinero & Selby* and *B. F. Perkins,* for appellant.

1. The district court erred in dismissing the case. *Wortendyke v. Meehan,* 9 Neb., 221. *Savings Bank v. Scott,* 10 Neb., 83.

2. Possession of a negotiable instrument is *prima facie* evidence that the holder is the proper owner and lawful possessor of the same, and the burden of proof is on the opposite party to show the contrary. *Collins v. Gilbert,* 4 Otto, 753. *Brown v. Spofford,* 5 Otto, 474.

*Davidson & Easterday* and *T. Appleget & Son,* for appellees, cited 3 Kent's Com., 80. Edwards on Promissory Notes, 372. *Smith v. Strong,* 2 Hill, 246. Chitty on Bills, 278. *Kendall v. Robertson,* 12 Cush., 159. *Bacon v. Lee & Gray,* 4 Clarke, 490. A promissory note, though secured by mortgage, is still commercial paper assignable at law, and when the remedy is sought upon that, all the rights incident to commercial paper will be enforced in the courts of law; but when resort is had to a court of equity to foreclose the mortgage, the court will let in any defense which would have been good against the mortgage in the hands of the mortgagee himself, and this regardless of the fact that the assignee may have purchased the notes in good faith before maturity. *Olds v.*

*Cummings*, 31 Ill., 188, 192.  *Johnson v. Carpenter*, 7 Minn., 176, 182, 183.  *Nichols v. Lee*, 10 Mich., 526, 528.

MAXWELL, CH., J.

In January, 1876, the defendants applied to one B. F. Perkins, agent of P. D. Cheney and others, for a loan of $200.00.  A loan for the above amount was obtained on five years time, the interest thereon to be 20 per cent. per annum, the defendants paying Perkins $150 out of the $200.00 for his services in effecting the loan.  Eleven notes, one for $200.00, and ten for $20.00 each appear to have been taken, but the note for $200.00 and five of the interest notes appear to have been paid, at least are not directly involved in this case.  Five of the interest notes amounting to $100.00, were secured by a separate mortgage, and on the 3rd of January, 1877, were transferred to the plaintiff.  He claims to have purchased the same for $30.00, and to be a bona fide purchaser.  The court below found that he was not a bona fide purchaser and dismissed the action.  He appeals to this court.

The only question presented by the record is whether or not he is a bona fide purchaser.  The rights of a holder of negotiable paper purchased before due are to be determined by the simple test of honesty and good faith on his part in making the purchase.  In determining whether the purchaser has acted in good faith or not the amount of the consideration may become a material inquiry.

In *Dewitt v. Perkins*, 22 Wis., 474, it was held that purchasing a note of $300.00 for $5.00 against a solvent maker was very strong if not conclusive evidence of bad faith.  And a like decision was rendered in *Hunt v. Sanford*, 6 Yerg., 387, where a note for $333.33 was purchased for $125.00, and in *Gould v. Stevens*, 43 Vt., 125, where a note for $300.00 was purchased for $50.00.  In some of the cases it is said that the consideration must

be *full* and *fair* as well as valuable. *Goldsmid v. Lewis Co. Bank*, 12 Barb., 410. *Hall v. Wilson*, 16 Id., 548.

In the case at bar, notes for $100.00 secured by mortgage upon real estate, and presumably worth their face less the interest, were purchased for $30.00, one of the notes being then due in a few days. Was this not sufficient to put the plaintiff upon inquiry as to the inception of the notes? Suppose the notes had been stolen and transferred to the plaintiff, would not the fact that he had purchased them for less than one-third of their face value have been sufficient to put him upon inquiry as to the title he acquired? Courts have gone quite far enough when they protect purchasers in good faith.

In *Miller v. Race*, 1 Burr, 452, the action being for a bank bill that was stolen, Lord Mansfield said: " Here an innkeeper took it bona fide in his business, from a person who made the appearance of a gentleman. Here is no pretense or suspicion of collusion with the robber, for this matter was strictly inquired into at the trial, and it is so stated in the case." " Indeed, if there had been any collusion, or any circumstance of unfair dealing, the case had been otherwise. If it had been a note for £1,000 it might have been suspicious; but this was a small note for £21 10s. only, and money given in exchange for it." The same principles were afterward applied by the same judge to negotiable paper, and *Miller v. Race* may be regarded as the leading authority upon this branch of the law.

Again the holder must have taken the paper in the usual course of trade in order to be protected, which does not appear to have been the case with the plaintiff.

We have carefully read the entire testimony, and in our opinion it clearly sustains the finding of the court below. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.