(31 Misc. Rep. 247.)

## CHAMBERS v. GOLDKLANG.

(Supreme Court, Appellate Term.    April 16, 1900.)

1. TRIAL—DIRECTING VERDICT.
      Where the evidence is conflicting upon a material question of fact in a
      cause, a direction to the jury to find for the plaintiff is error.

2. APPEAL—REVIEW—RULINGS ON EVIDENCE.
      The admission of evidence on behalf of the plaintiff, over the objection
      of defendant, and the rejection of evidence of the same character, upon
      the objection of plaintiff, when offered by defendant, is sufficient ground
      for the reversal of the judgment on the appeal of defendant.

Appeal from city court of New York, general term.

Action by Newton W. Chambers against Julius Goldklang to re-
cover a broker's commission for placing a loan.    From a judgment
for plaintiff, affirmed by the general term (60 N. Y. Supp. 998), de-
fendant appeals.    Reversed.

Argued before BEEKMAN, P J., and GIEGERICH and O'GOR-
MAN, JJ.

Abraham H. Sarasohn, for appellant.

Wyatt & Trimble (William E. Wyatt, of counsel), for respondent.

GIEGERICH, J.    The action is to recover broker's commissions
for placing a loan.    The answer is a general denial.    The plaintiff
testified that at his office, in the spring of 1897,—in April or May,—
an agreement was made between the parties litigant, by the terms of
which he was to procure a loan of $15,000 upon the defendant's real
property, and, when procured, the latter was to pay him a commission
of 1 per cent. upon the amount of such loan.    The defendant denied
that he ever met the plaintiff at the latter's office, and that he made
such an agreement.    As to several other material matters there was a
conflict of testimony.    At the close of the entire case the plaintiff
moved for a direction of a verdict by the jury in his favor, which mo-
tion was granted, and the defendant took an exception.

As the defendant did not, when the proofs were all in, move for a
nonsuit, or do any other act from which a waiver of the right to go to
the jury may be implied, the exception so noted by him is sufficient to
require a reversal of the judgment, if there was any evidence tending
to establish any material fact in his favor, which, if found by the jury,
might have changed the result; and it was not necessary for the de-
fendant, in order to preserve such right, to go further, and request
that any fact be submitted to the jury.    Haines v. Railroad Co., 145
N. Y. 235, 237, 39 N. E. 949;  Baylies, Tr. Prac. (2d Ed.) 323.    As
we have noted, there was a conflict of testimony upon material ques-
tions of fact, which should have been submitted to the jury for their
determination, and under these circumstances the direction of a ver-
dict was not justified.    Schillinger v. McGarry, 25 Misc. Rep. 745,
749, 55 N. Y. Supp. 673.

The defendant's contention that during the course of the trial the
trial justice admitted testimony against his objection and exception,
and, upon the plaintiff's objection, excluded testimony of the same
character and equal relevancy when offered by the defendant, seems

to be well founded; and this, likewise, is good ground for reversal. Sentenne v. Kelly, 59 Hun, 512, 517, 13 N. Y. Supp. 529. It results from these views that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.