EXCHANGE BANK OF WILCOX, APPELLANT, v. H. A. GIFFORD ET AL., APPELLEES.

FILED MARCH 16, 1918.   No. 19652.

1. **Appeal: NEW TRIAL.** "Immaterial and irrelevant testimony admitted over defendant's objection, and which may have a tendency to mislead the jury, is good ground for a new trial." *Harrison v. Baker,* 15 Neb. 43.

2. ————: ————. "When it is clear that material testimony has been disregarded by the jury, and which, if considered and given due weight, would require a different verdict from that returned, a new trial will be granted." *Dunbier v. Day,* 12 Neb. 596.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed as to Louisa Gifford, and reversed as to H. A. Gifford.*

*F. L. Carrico,* for appellant.

*O. E. Shelburn, contra.*

DEAN, J.

The plaintiff sued H. A. Gifford and Louisa Gifford, his mother, to recover $2,335 on two promisory notes. Judgment for defendants was rendered on the verdict, and plaintiff appeals.

The petition is in the usual form. Defendants filed a joint answer pleading a general denial and alleging forgery. When the taking of testimony was concluded the court, over plaintiff's objection, permitted defendants to file separate answers pleading the same defense in each answer that was before pleaded in the joint answer. Plaintiff contends that in this the court erred, but we do not find it necessary to decide that point in view of this statement in plaintiff's brief: "As to the defendant Louisa Gifford, the jury's verdict would not be assailed had she filed a separate answer in the beginning. * * * The record discloses but little evidence of her liability. * * * None of plaintiff's witnesses saw her sign them (the notes), nor heard her admit her liability."

Defendants argue that there is only one contested fact in the case, namely: "Who committed the forgery? * * * If Minkner (a former assistant cashier) forged the notes, then the judgment is right; if Gifford is the guilty party, then the judgment should have been for the plaintiff as against him." In view of the admissions of the respective parties, and in the present state of the record, the issue is confined to an inquiry respecting H. A. Gifford's liability on the notes.

Plaintiff produced two witnesses, officers of the bank when the notes were given, who testified that the notes in suit were signed by H. A. Gifford at the bank, and that as soon as he signed them he took them away to get his mother's signature, as he stated at the time, and that in each instance he returned shortly with the notes with his mother's name written thereon. Two witnesses called by plaintiff testified in substance that they saw H. A. Gifford sign a note for about $1,400 on January 2, 1912, and that this note on renewal

with its accrued interest and some overdrafts for small amounts and a little borrowed money made up the larger of the two notes in suit; namely, the note for $1,812.20. At the trial Mr. Gifford denied signing the notes in suit, and denied that he wrote his mother's name on either of them. He denied signing the $1,400 note, and failed to recognize practically all of his own signatures. A considerable number of his. signatures on bank checks and other instruments that were proved to have been written by him and also his name that he wrote six times while the trial was in progress are in evidence. He testified that he didn't know whether the signatures that purported to be his were genuine or forgeries by the bank. During the trial he also wrote the name ''Louisa Gifford'' six times, and this handwriting is in the record. All of the signatures so written by him and the name ''Louisa Gifford'' that he wrote while the trial was in progress and his own and his mother's name that appear on the notes in suit were all apparently written by the same person. On this point as relating to Mr. Gifford the jury seem to have disregarded material testimony offered by plaintiff, and as to him the judgment does not seem to be supported by sufficient testimony.

As there must be a new trial, we are of the opinion that another assignment of error pointed out by plaintiff should be noticed. Plaintiff argues that there was ''a studied effort on defendants' part to insinuate before the jury that plaintiff had been doing 'crooked work.' '' Ora Brawner is a son-in-law of Mrs. Louisa Gifford, and was called as a witness on the part of the defendants. He testified: ''Q. Since this suit has been brought, have you had any conversation with Mr. Gishwiller, the president of the plaintiff bank, with reference to this case? A. Yes, sir. Q. Where was that conversation? A. At Mrs. Gifford's house, out on the porch. Q. Who was present? A. Mr. Woollen and his wife, myself and my wife, and Wilbur Brawner, my son. Q. What time in the day was that conversation?

A.  It was in the evening.  Q.  Repeat the conversation, as nearly as you can.  Plaintiff objects as incompetent, irrelevant and immaterial under the issues.  Objection overruled.  Plaintiff excepts.  A.  Mr. Gishwiller came down and went in the house to talk to Grandma.  He was in there a while, and when he came out he stopped on the porch and talked to the rest of us about getting Grandma to settle the business and not let it go to court.  And I asked him if he thought Grandma Gifford signed these notes and then would deny them; and he said, 'No, I don't think she signed these notes.'  Q. Go ahead and repeat the rest of the conversation, if you can.  A.  I got to talking I expect a little rough, and Mr. Gishwiller told us he knew there was crooked work going on up there at the bank; 'but' he said 'I am in' — Plaintiff moves to strike out all reference to 'crooked work in the bank' as irrelevant, immaterial and incompetent; not referring to the notes in question. Motion overruled.  Plaintiff excepts.  (Witness resuming)  And he said he couldn't get out and he couldn't get the other fellows out.  And he said, 'I am going to make it a point to be there after this, and look after the business myself.'  Plaintiff moves to strike out the answer of the witness as incompetent, irrelevant and immaterial under the issues, for the reason that it does not relate to the notes in this controversy. Motion overruled.  Plaintiff excepts.''

We know of no rule of evidence that would permit this testimony to be admitted.  It was wholly incompetent, and its admission was clearly erroneous.  The testimony in no manner related to any disputed point respecting the notes in suit.  *Dunbier v. Day,* 12 Neb. 596; *Harrison v. Baker,* 15 Neb. 43; *Monitor Plow Works v. Born,* 33 Neb. 747.  There was more testimony of a like nature that we do t find it necessary to discuss.  The judgment as to Louisa Gifford is affirmed. As to H. A. Gifford, the judgment is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

SEDGWICK, J., not sitting.