LARS LINDSTROM, APPELLEE, V. JOHN BEACOM ET AL., APPELLANTS.

FILED JULY 9, 1923. No. 22488.

1. **Bills and Notes**: PAYMENT: BURDEN OF PROOF. "If the maker elects to pay a negotiable promissory note to one who cannot and does not produce the note, by so doing he assumes the burden of showing that the party to whom he paid it was the owner of the

note, or was authorized by the owner to receive the money for him." *Coddington Savings Bank v. Anderson,* 64 Neb. 205.

2. *Peterson v. Kuhn, ante,* p. 372, followed.

APPEAL from the district court for Hamilton county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Horth & Ryan,* for appellants.

*Hainer, Craft, Edgerton & Fraizer, contra.*

Heard before MORRISSEY, C. J., LETTON, and GOOD, JJ., BLACKLEDGE, COLBY and REDICK, District Judges.

LETTON, J.

This is an action to foreclose a mortgage upon certain real estate in Hamilton county. The defendant, Beacom, procured a loan from W. C. Wentz Company of Aurora, loan brokers. He executed a note to that company as payee and a mortgage upon the property involved to secure the payment of the same. Before maturity of the note the plaintiff, Lindstrom, who is a retired farmer 80 years old, living in Aurora, purchased the note of the Wentz Company with money derived from the sale of a piece of property he owned, and the note, interest coupons and assignment of mortgage were delivered to him. The mortgage was at that time in the county clerk's office for the purpose of being recorded, but he received it about a week later. He took these papers to the Fidelity Bank, where he did his banking, and where he had a safety deposit box, and placed them in the box. They remained there until after the W. C. Wentz Company went into the hands of a receiver. The assignment of mortgage was not recorded until after this occurred. The plaintiff had done no business with the Wentz Company before this, except to renew an insurance policy upon some property which he had purchased. When he bought the note, Mr. Wentz told him he would cash the coupons. Two of the three coupons were paid to him at the office of the Wentz Company by that company. Another coupon the Fidelity Bank cashed for him. He never notified defendant that he owned the note and

mortgage. Plaintiff had never bought from or sold property to the Wentz Company, and had no business transactions with them prior to this, except the renewal of the insurance policy mentioned. The Wentz Company never had the notes or mortgage in their possession after delivery to plaintiff, except that the coupons were surrendered to them when they paid plaintiff the amounts due upon them.

Defendant paid one interest coupon, and the note for the principal, 'before it became due, to the Wentz Company without receiving the note or the coupon. He now contends that the Wentz Company had ostensible, implied and apparent authority to collect the same, and was in fact the agent of plaintiff at that time for the collection of the debt and interest, and that this was sufficient to satisfy the mortgage.

The same contentions were made in the case of *Peterson v. Kuhn, ante,* p. 372. The facts in that case are very similar to the facts in this case. There was just as much reason for the contention in that case that the Wentz Company had ostensible authority to collect the principal and interest as there is in this case. The legal points involved are considered in the opinion in the *Peterson case,* and no good purpose can be subserved by a repetition of the discussion.

AFFIRMED.