JESSE W. STEWART, APPELLANT, V. HARRY WEINER,
APPELLEE.

FILED MARCH 22, 1924.   No. 23459.

1. **Appeal: AFFIRMANCE.** Unless it clearly appears that material evidence has been disregarded by the jury which, if considered and given due weight, would require the verdict to be set aside, a new trial will not be ordered.

2. **Innkeepers: INJURY TO GUEST: LIABILITY.** "An innkeeper is not an insurer of the safety of his guest; but he is bound to exercise reasonable care for the comfort and safety of the guest while in his hotel, and if the guest is injured through the negligence of the innkeeper or his employees the innkeeper is liable therefor." *Strahl v. Miller*, 97 Neb. 820.

3. **Appeal: AFFIRMANCE.** A verdict will not be disturbed, on the ground that it is not supported by the evidence, where there is sufficient competent evidence to support it.

APPEAL from the district court for Douglas county: JOHN B. RAPER, JUDGE. *Affirmed, with directions.*

*Weaver & Giller*, for appellant.

*Montgomery, Hall & Young, H. M. Johnson* and *Brogan, Ellick & Raymond, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and DEAN, JJ.

DEAN, J.

Plaintiff sued to recover damages for personal injuries, alleged to have been sustained while he was a guest at defendants hotel at Omaha. The hotel took fire at about 10:30 in the forenoon, and plaintiff contends that, while attempting to escape from the building through a window, he fell 40 or 50 feet to the pavement. The case was tried twice to a jury in Douglas county. At the first trial, when plaintiff rested, defendant moved for a directed verdict. The motion was overruled. Defendant introduced no evidence. Thereupon the case went to the jury on plaintiff's evidence alone and he recovered a verdict for $12,500,

which, under an accepted rule of practice, was reduced to $7,500 by a remittitur on the ground that the verdict was excessive. Defendant appealed and the judgment was reversed and a new trial was ordered. *Stewart v. Weiner,* 108 Neb. 49. Such of plaintiff's evidence as is discussed in the former opinion, with respect to the manner in which he says he sustained the injury in his fall, need not be here again set out at length. At the second trial defendant introduced a good deal of evidence. The jury found in his favor, and plaintiff now appeals.

Plaintiff's room was on the fourth floor of the Savoy hotel. The floor in question is referred to generally by the witnesses as the "third sleeping floor." Plaintiff testified that there was a telephone directly over the head of his bed, and that, while the fire was in progress, he did not hear it ring, nor did he hear the fire gong sound in the hall; that he heard no commotion anywhere in or about the hotel, nor was he aware of the fire in the hotel until he was awakened by the smoke and heat in his room; that the bed covers which he made into a rope, as outlined in the former opinion, broke when he was about 40 or 50 feet above the paving, upon which he landed in his fall, and that he thereby sustained the injuries of which complaint is made. Other witnesses testified on plaintiff's part and their evidence, which need not be here reproduced, is corroborative of that of plaintiff.

On defendant's part the evidence of several witnesses was introduced which tended to prove that the telephone bells were rung in all rooms, and that the fire gongs, which were of the average size, were sounded on all floors, and that employees were sent to every floor in the building and that they gave the alarm of fire in the halls and pounded on the doors to arouse the guests. The evidence of disinterested guests corroborated that of the employees in respect of the warning of fire which was given by the hotel management.

The argument is that there was ample time and opportunity for defendant to have aroused plaintiff and to have

Stewart v. Weiner.

warned him of the fire, but that he negligently, carelessly and wholly failed in the discharge of his duty in this respect, and that such failure was the proximate cause of his injury.

Plaintiff contends that the verdict is manifestly against the weight of evidence. He cites *Urban v. Novotny,* 107 Neb. 384, in support of his argument. In that case defendant, who was an able-bodied man, without provocation made a vicious assault upon an under-sized cripple and gave him a brutal beating from the effects of which he was confined to his bed for about five or six weeks, a part of the time at a hospital, and was incapacitated for performing any sort of work for a long time thereafter. The jury, however, for no reason that was discoverable in the record, nonsuited the plaintiff. The judgment was of course reversed and a new trial was ordered on the ground that the evidence did not support the verdict. We do not think the *Urban* case is applicable to the facts here.

Plaintiff contends that material evidence was disregarded by the jury, and that if it had been given due weight plaintiff would have recovered a verdict. *Exchange Bank v. Gifford,* 102 Neb. 324, is cited. In the *Gifford* case the jury disregarded material evidence in respect to the authorship of certain promissory notes to which two names were affixed as apparent makers. One of the defendants denied that he drew up the notes in suit or that he wrote the signatures. But it clearly appears from a comparison of the signatures upon the notes in suit, with several specimens of the defendants handwriting, which were penned while the case was in progress, and which were made a part of the record, that he wrote the notes and signed them and that he also wrote the name of his codefendant thereon. But the jury for some undisclosed reason, relieved him of liability. Aside from the defendant's bald assertion the verdict was without support and the probative value of his evidence was destroyed by inspection and comparison of the handwriting. We reversed the judgment and ordered a new trial on the ground that, as to the defendant

by whom the notes were written, the evidence did not support the verdict. As to his codefendant the judgment was affirmed. We do not think the *Gifford* case is in point.

Plaintiff testified that the injuries were such that he was compelled to discontinue his work as a locomotive fireman. On this point the evidence of five or six locomotive engineers was introduced by defendant by whom it was shown that plaintiff acted as fireman on their respective engines after the accident and that they never observed that he was physically disabled or in any manner unfitted to do the required work.

Plaintiff complains of the following instruction which he incorporates in his brief as follows:

"If you find for plaintiff, then in estimating his damages you should take into consideration that plaintiff's discharge  *  *  *  from the Missouri Pacific  *  *  *  was not due to his injured arm,  *  *  *  and his loss of wages to this time  *  *  *  cannot be allowed as damages against the defendant after plaintiff's discharge by the Missouri Pacific Railroad."

We think that, in view of the evidence on this point, the instruction is without error.

Plaintiff contends that the court erred in giving 10 of the 15 instructions which appear in the record. The argument is that they are "long, involved, confusing and misleading," and "capable of a double construction." Upon examination we do not find the instructions open to the objections urged by counsel. And, besides, when the instructions are all considered together they properly construe the law which is applicable to the evidence.

In respect of the duties of an innkeeper the rule upon which defendant relies is stated in *Strahl v. Miller,* 97 Neb. 820, wherein it is said: "An innkeeper is not an insurer of the safety of his guest; but he is bound to exercise reasonable care for the comfort and safety of the guest while in his hotel, and if the guest is injured through the negligence of the innkeeper or his employees the innkeeper is

liable therefor." See, also, 22 Cyc. 1080, sec. B, and cases there cited.

We think the evidence discloses that defendant comes fairly within the rule announced in the *Strahl* case, to which we adhere. While the innkeeper was not an insurer of the guest's safety, there is evidence to support a finding that the hotel management exercised reasonable care and did all that was reasonably within its power to warn and to arouse its guests in time to leave the burning building. Women and children were safely removed during the progress of the fire, and it was shown that a locomotive engineer, a very large man, was safely taken from an upper window to the pavement by a member of the fire department on one of its ladders.

The evidence conflicts, but there is sufficient to sustain the verdict, and in this state of the record, under instructions that do not disclose reversible error, the verdict will not be disturbed. *Vandeweg v. Olson,* 106 Neb. 211. It is elementary that disputed questions of fact, and of the credibility of witnesses as well, are for the jury. *Mathews v. State, ante,* p. 593.

Other questions are raised by plaintiff which we do not find it necessary to discuss. Notwithstanding the case was submitted at the former hearing on plaintiff's evidence alone, it is observed, in the former opinion, that the question of defendant's negligence is "very close." We think the great weight of the evidence at the last trial is on the side of defendant. The court did not err in overruling plaintiff's motion for a new trial.

The judgment is therefore affirmed, and the cause is remanded, with directions that the action be dismissed.

AFFIRMED AND REMANDED, WITH DIRECTIONS.