(March 26, 1925.)

L. W. KING and F. W. KING, Doing Business Under the Firm Name of KING MOTOR COMPANY, Appellants, v. HARVEY W. HAHN and REX HOSELEY, Respondents.

[234 Pac. 937.]

NEW TRIAL—DISCRETION OF TRIAL COURT—EVIDENCE—COMPETENCY OF
  —LANDLORD AND TENANT — LEASE — CONSTRUCTION OF—CONSTRUC-
  TIVE EVICTION—SUIT FOR RENT.

  1. The action of the trial court in granting a new trial on the ground of the admission of incompetent evidence will not be

Publisher's Note.

1. Admission of incompetent evidence as ground for granting new trial by trial court, see note in **Ann. Cas.** 1917D, 545.

disturbed, unless it clearly appears that the same verdict would necessarily have been returned had such evidence been excluded.

2. Where one party is permitted, over objection, to introduce irrelevant and incompetent evidence, the adverse party should be permitted to introduce evidence to negative, explain or rebut such prior inadmissible evidence.

3. Where a tenant, having vacated the premises, is sued by his lessor for rent accruing thereafter, and sets up as a defense constructive eviction, in that the premises became untenantable by reason of the lessor's failure and refusal to furnish heat as provided in the lease, and there being no issue or dispute as to the payment of the rent prior to the vacation of the premises, proof as to the manner and time of payment of the rent, and the financial condition of the business carried on by the defendants in the said premises, *held* incompetent and inadmissible as tending to show bad faith of the defendants as to the defense interposed.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action for rent. Judgment for plaintiffs. Appeal from order granting new trial. *Affirmed.*

Martin & Martin, for Appellants.

All the errors relied upon by the defendants as stated in their motion for a new trial were ''errors of law occurring in the trial and excepted to by the defendants.'' There was no specification that the evidence was not sufficient to support the verdict, or any other ground which appeals to the discretionary power of the court. The decision of the trial court will be reviewed in this case as presenting questions of law only and not of discretion. (*Aultman & Taylor v. Gunderson,* 6 S. D. 226, 55 Am. St. 837, 60 N. W. 859; Hayne, New Trial & App., sec. 100; *State v. Schnepel,* 23 Mont. 523, 59 Pac. 927; *Buckhouse v. Parsons,* 60 Mont. 156, 198 Pac. 444; *Southern Alaska Canning Co. v. Smith,* 113 Wash. 400, 194 Pac. 383; *Vaughan v. Mayo Milling Co.,* 127 Va. 148, 102 S. E. 597; *Kelly v. City of Butte,* 43 Mont. 451, 117 Pac. 101; *O'Brien v. Brady,* 23 Cal. 243; *Truva v. Goodyear Tire & Rubber Co.,* 113 Wash. 413, 194 Pac. 386.)

In cases of this kind the good faith of the tenant in his claim that the property is untenantable may always be shown. (*Post v. Lang,* 27 Colo. App. 225, 147 Pac. 441; *Marks v. Dellaglio,* 28 Misc. Rep. 539, 59 N. Y. Supp. 509; *Beckley v. Jarvis,* 55 Vt. 348.)

Hawley & Hawley, for Respondents.

Appellants' brief should be stricken from the files. (Rule 42; *Noble v. Harris,* 33 Ida. 188, 190 Pac. 922; *Hurt v. Monumental Mercury Min. Co.,* 35 Ida. 295, 206 Pac. 184.)

The trial court committed no error in sustaining defendants' motion for a new trial upon each of the first five specifications of error assigned in the motion for new trial or in granting a new trial thereon or entering an order granting the new trial. (*Campau v. Traub,* 27 Mich. 215; 22 Corpus Juris, 161, 192; *Barnes v. Northern Trust Co.,* 169 Ill. 112, 48 N. E. 31; *Prosser v. Pretzel,* 8 Kan. App. 856, 55 Pac. 854; 10 Ency. of Evidence, 644; *Portsmouth Cotton O. R. Corp. v. Madrid Oil Co.,* 195 Ala. 256, 71 So. 111; *Chicago, R. I. & G. Ry. Co. v. Comstock* (Tex. Civ.), 189 S. W. 109; *Huntsville Knitting Mill v. Butner,* 194 Ala. 317, 69 So. 960; *Bank of Phoenix City v. Taylor,* 196 Ala. 665, 72 So. 264; *State Bank of Commerce v. Western Union Tel. Co.,* 19 N. M. 211, 142 Pac. 156; *Becker v. Gibson,* 70 Ind. 239; *Warren Live Stock Co. v. Farr,* 142 Fed. 116, 73 C. C. A. 340; *German-American Ins. Co. v. Brown,* 75 Ark. 251, 87 S. W. 135; *Exchange Bank of Wilcox v. Gifford,* 102 Neb. 324, 167 N. W. 69; Hayne on New Trial and Appeal, sec. 287, p. 853; *McAllister v. Bardsley,* 37 Ida. 220, 215 Pac. 852; *Ross v. Swearingen,* 39 Ida. 35, 225 Pac. 1021.)

BABCOCK, District Judge.—This action was brought by the appellants to recover from the respondents rent claimed to be due according to the terms of a written lease, by which the appellants had leased to the respondents a certain room in what is known as the Masonic Temple Building, in Boise, to be occupied by respondents for an automobile paint-shop. The premises, at the time of the making of the lease, were in

an unfinished condition. The lease was for a term of two years from the date the premises were completed and in condition to be delivered to the lessees. By the terms of the lease, the rental was for the sum of $150 a month, payable monthly in advance.

The respondents entered the premises, under the lease, in the latter part of February, 1921, and paid the rent from March 1, 1921, to May 31, 1921, a total of $450. This action was brought by the appellants to recover the rent accrued to the date of filing the complaint.

The lease contained, among other things, the following provision:

"It is understood and agreed that heat for said premises shall be furnished by parties of the first part from the heating plant being constructed in basement of said building."

The respondents admitted the execution of the lease, the occupancy of the premises from March 1, 1921, to May 31, 1921, and the payment of the three months' rent; but, as a defense to the action, alleged that heat was to be furnished by appellants for said premises, that on or about May 21, 1921, the appellants failed and neglected to comply with the provisions of the lease in regard to furnishing heat, that the premises were untenantable for respondents' purposes without such heat, and that, by reason of such failure so to furnish heat, respondents were forced to vacate said premises. The respondents also filed a cross-complaint asking for damages in the sum of $300.

At the conclusion of the testimony, on motion of the appellants, a nonsuit was granted as to respondents' cross-complaint. The jury returned a verdict in favor of the appellants for the amount asked, $1,200, and judgment was entered thereon. The respondents filed a notice of motion for a new trial, and the motion was granted. This appeal is from the order granting a new trial.

The specifications of errors occurring at the trial and excepted to by the respondents, and upon which grounds the new trial was granted, are as follows:

1. That the court erred in admitting in evidence plaintiffs' exhibit No. 2.

2. That the court erred in permitting the witness L. W. King to testify as to the dates and amounts of rent received by the plaintiffs from the Superior Auto Painting Company (which was the firm name of respondents) prior to May 30, 1921.

3. That the court erred in permitting any evidence to go before the jury tending to show the financial condition of the Superior Auto Painting Company on or prior to May 30, 1921.

4. That the court erred in refusing (after admitting the evidence referred to in paragraph 3 above), to allow defendants' offer of proof, by the witness Charles J. Wilder, to show the complete financial condition of the Superior Auto Painting Company, and, particularly, that the assets of that company on May 30, 1921, were greatly in excess of the company's liabilities on the same day.

5. That the court erred in allowing evidence to be introduced relative to the amount of heat and the times that heat was furnished to other buildings in Boise than the Masonic Temple Building.

To the order of the court granting a new trial, appellants assign the following errors:

1. The court erred in sustaining each of the first five assignments of errors in the motion for a new trial.

2. The court erred in granting a new trial upon all or any one of said first five specifications of errors stated in said motion for a new trial, made by defendants.

3. The court erred in entering an order granting defendants a new trial in said action.

Respondents made a motion in this court to strike the appellants' brief from the files by reason of its failure to conform to Rule 42 of the court in the following particulars:

1. The name of the district judge who tried the case does not appear on the first page of appellants' brief.

2. The brief does not contain a separate statement of points and authorities.

3. The residences of counsel for appellants and respondents do not appear on the cover or first page of appellants' brief.

There was evidence introduced on the part of the respondents to the effect that, in painting automobiles, for the finishing coat it was necessary to maintain a temperature of from 80 to 85 degrees, Fahrenheit. On the part of the appellants, there was testimony to the effect that a temperature of from 60 to 65 degrees was sufficient for such painting, and that during the months of June, July and August, in Boise, ordinarily it was not necessary to have artificial heat for such purpose.

In their case in chief, the appellants put in evidence their lease as exhibit No. 1, and offered in evidence exhibit No. 2, which consisted of a statement showing the manner in which the rent was paid during the time the premises were occupied by the respondents. From this it appeared that the rent had been paid in instalments of $50 each on April 8, 1921, May 5, 1921 and May 26, 1921, respectively, and $153.88 on May 31, 1921, and by various credits given for work done by the respondents for the appellants amounting to $146.12. The admission of this exhibit was objected to by the respondents on the ground that the same was irrelevant and incompetent, the payment of rent for said time being admitted and not in controversy. The objection was sustained by the court. In rebuttal, however, while the witness King was on the stand, exhibit No. 2 was again offered, and, over the objection of respondents, was admitted in evidence, and the witness King was also permitted, over objection, to explain the said exhibit.

From evidence introduced on the part of respondents, it appears that the premises in question were occupied by what was known as the Superior Auto Painting Company, a co-partnership composed of the respondent Hahn and one A. H. Gifford, until April 1, 1921, when the interest of Hahn was turned over to one Charles J. Wilder, that thenceforth the business was conducted in the same name by Wilder and Gifford, and that the respondent Hoseley had no interest

in the business, except that he signed the lease and advanced the company some $400 as a loan, Gifford being a brother-in-law of his. All these parties, in any way interested in the business of the Superior Auto Painting Company, were called as witnesses by the respondents.

On the cross-examination of these witnesses the attorney for the appellants was permitted to ask, and the witnesses required to answer, certain questions relative to the business; whether or not rent had been paid under this lease in advance; whether it was paid in small amounts; what was the monthly rental of the premises to which the business was moved after the vacating of the premises in question; whether Hoseley had advanced the money with which to pay the balance due on the rent at the time the premises were vacated; and whether the $400 advanced by Hoseley had ever been repaid.

Upon the redirect examination of the witness Wilder, the attorneys for the respondents asked certain questions relating to the condition of the business of the painting company, to which the court sustained objections. The attorneys for the respondents then made an offer to prove by the witness that at the time the company moved from the premises in question, and at the time they received from Hoseley the $125 to pay the rent there were a number of outstanding accounts owing to the company; that there was a great deal of unfinished work standing on the floor for which money would be due them shortly; and that the assets of the company at the time were more than twice its liabilities. To this offer, objection was interposed by the appellants that such testimony was irrelevant and immaterial, which objection was by the court sustained.

In regard to respondents' motion to strike the brief of appellants from the files: It is true that the brief does not conform to Rule 42 of this court in the respects mentioned. The cover, however, of appellants' brief does comply with the rule except as to the residences of counsel. The propositions of law claimed to be involved, and the authorities relied on in support thereof, are contained in the argument follow-

ing the statement of facts. Counsel for appellants, at the time the case was argued, offered some excuse, or, rather, apology, for the arrangement and printing of the brief, and we are inclined to accept the same and deny respondents' motion, especially in view of the fact that the brief of respondents fail to comply with the rule requiring a separate statement of the several propositions of law claimed to be involved in the case and the authorities relied upon for their support.

The first and second grounds upon which the motion for a new trial was granted, relating to the admission of exhibit 2 and the testimony of the witness King relative thereto, present practically the same questions and may properly be considered together. There was but one question in dispute in the case, and that was whether or not there had been a breach in the covenants of the lease in regard to the furnishing of heat for the premises, amounting to a constructive eviction of the respondents. The manner and time of payment of rent could have no direct bearing upon this question, and no necessary or logical connection with the defense interposed. This evidence did not tend to contradict, explain or rebut any of the evidence of witnesses for the respondents, as brought out in the direct examination, and the objection of respondents to its admission should have been sustained.

The third ground on which the motion for a new trial was granted relates to the evidence brought out by the appellants, on cross-examination of witnesses for the respondents, tending to show the financial condition of the Superior Auto Painting Company, and presents practically the same questions as are raised by assignments 1 and 2. The appellants, in their cross-examination of the respondents' witnesses, were entitled to inquire into any matters, facts and circumstances connected with the transaction in question asked about by the respondents, and to bring out any other matters not touched upon in the direct examination which would tend to show prior acts or conduct of the respondents inconsistent with the defense interposed, or that would tend to discredit or impeach their witnesses, or show that the matters set up

in defense were not done so in good faith. We are of the opinion that the evidence brought out by this cross-examination in no way tended to show these matters, and that no inference would necessarily follow, from the facts elicited, which would indicate any inconsistency in the prior conduct of the respondents, or lack of good faith on their part, as to the defense interposed. The objection to the admission of this evidence should have been sustained.

The fourth ground on which the motion for new trial was granted was that the court erred in refusing to allow the respondents to show the complete financial standing of the Superior Auto Painting Company, and, particularly, that the assets of the company greatly exceeded its liabilities on May 30, 1921, after the court had allowed some evidence to go to the jury as to the financial condition of the company. The evidence as to the manner of payment of rent, and other facts tending to show the financial condition of the company, was brought out by the appellants on cross-examination of the respondents' witnesses, and is the error complained of in this assignment. It was clearly error not to permit the respondents to go fully into these matters on the redirect examination of their witnesses, and such denial must have been prejudicial to their rights. (10 Ency. of Evidence, p. 644; 2 Hayne on New Trial and Appeal (Revised ed.), p. 1608, sec. 287; note, 66 Am. Dec. 717; *Ross v. Swearingen*, 39 Ida. 35, 225 Pac. 1021; *McAllister v. Bardsley*, 37 Ida. 220, 215 Pac. 852; *State Bank of Commerce v. Western Union Tel. Co.*, 19 N. M. 211, 142 Pac. 156; *Warren Live Stock Co. v. Farr*, 142 Fed. 116, 73 C. C. A. 340; *Barnes v. Northern Trust Co.*, 169 Ill. 112, 48 N. E. 31; *Exchange Bank of Wilcox v. Gifford*, 102 Neb. 324, 167 N. W. 69; *Bank of Phoenix City v. Taylor*, 196 Ala. 665, 72 So. 264; *Portsmouth Cotton O. R. Corp. v. Madrid Cotton O. Co.*, 195 Ala. 256, 71 So. 111; *Chicago, R. I. & G. Ry. Co. v. Comstock* (Tex. Civ.), 189 S. W. 109; *Huntsville Knitting Mills Co. v. Butner*, 194 Ala. 317, 69 So. 960; *German-American Ins. Co. v. Brown*, 75 Ark. 251, 87 S. W. 135; *Houston & T. C. R. Co. v. Hopson* (Tex. Civ.), 67 S. W. 458; *Chambers v. Goldklang*,

31 Misc. Rep. 247, 64 N. Y. Supp. 36; *Campau v. Traub,* 27 Mich. 215; *Becker v. Gibson,* 70 Ind. 239.)

The fifth assignment in the motion for a new trial relates to evidence claimed to have been admitted over objection of the respondents as to the amount of heat and times heat was furnished to other buildings in Boise. The only evidence that appears in the record in this regard is that found in the testimony of the witness Thomas Semple, called by appellants on rebuttal, to the effect that in the Empire Building, next to the Masonic Temple, the heat was shut off about May 10, 1921; but he also stated that he had no knowledge as to heat in any other buildings. While it does not appear in what way this evidence was material, yet we fail to see how the respondents could have been prejudiced by its admission.

In determining whether or not a new trial should be granted on the ground that counsel for the successful party has introduced before the jury incompetent evidence tending to prejudice the other party, the quality and effect of such evidence are matters peculiarly within the knowledge of the trial judge. Where it appears from the record that such evidence was improperly admitted, and where a fair presumption arises, from an examination of the record, that had such evidence been excluded, the jury would have returned a different verdict, the action of the trial court in granting a new trial will not be disturbed.

The order of the trial court granting respondents' motion for a new trial is affirmed in all respects, except as to the grounds named in the fifth assignment of error therein. Costs to respondents.

William A. Lee, C. J., Wm. E. Lee and Givens, JJ., concur.