FIRST NATIONAL BANK OF ALLIANCE, APPELLEE, V. WILLIAM NEWTON, APPELLANT: KEITH L. PIERCE ET AL., APPELLEES.

FILED FEBRUARY 21, 1930. No. 27048.

*John E. Gilmore, Allen G. Fisher* and *Charles A. Fisher*, for appellant.

*Mitchell & Gantz* and *Harry R. Ankeny, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOSS, C. J.

The bank brought suit in Sheridan county against the defendant Newton to replevy two automobiles. Each car was the subject of a separate cause of action. Newton filed an answer and cross-petition making Pierce and Jenkins, who lived and did business in Box Butte county, defendants. The defendants Pierce and Jenkins were served individually in their home county. They appeared specially and moved to quash the service. Their motion was sustained. The case proceeded to trial as between the bank and Newton. At the close of the evidence both parties moved for directed verdicts. The court sustained the motion of defendant as to the first cause and of plaintiff as to the second cause and entered judgment awarding the possession of the automobile to plaintiff. Plaintiff did not appeal. Defendant appealed and therefore we have to consider errors assigned by defendant Newton as to the second cause of action, which involved an Oakland sedan.

The chief errors assigned are that the court erred in quashing service on Pierce and Jenkins and in rendering judgment against Newton on the second cause of action. The latter point goes to the question whether Newton was

entitled to defend the suit of the bank on grounds as between him on the one hand and Pierce and Jenkins on the other. His cross-petition alleged and prayed as against them on account and for damages for a sum far in excess of the value of the car as pleaded by plaintiff.

Keith L. Pierce and George M. Jenkins, a copartnership, of Hemingford, Box Butte county, were what is called in the evidence direct dealers, and William Newton of Hay Springs in Sheridan county was an associate dealer, who obtained his cars through them in 1927. On or about November 10, 1927, he bought the car in question and in the settlement gave Pierce and Jenkins his note for $1,079.05. This note was renewed December 15, 1927, by a new note for $1,089.55. The first note had been sold to plaintiff and the renewal was likewise turned over to plaintiff. The note was made out on a printed form furnished by a Lincoln supply house and the form is entitled "Conditional Sale Contract—with Note." Both the note and contract are filled out on the inside of the blank. In evidence, omitting immaterial printing, it is as follows:

"1089.55                              December 15th, 1927.

"For value received, I promise to pay to the order of Pierce & Jenkins the sum of ten hundred eighty-nine and 55-100 dollars, with interest at the rate of 10 per cent. per annum from date until paid, payable with exchange, at Citizens National Bank Hemingford, Nebr., in instalments, as follows, to wit: $1089.55 on the 15th day of Jan. 1928.

"Wm. Newton.

"The express condition of the sale and purchase of one Oakland four-door sedan Motor number 193939 Serial number 188234, for which the above note is given is such that the title, ownership and right of possession does not pass from Pierce & Jenkins to the signer hereof until the above note, original or renewed, and the instalments referred to therein and interest thereon, as therein provided, are fully paid; and further, that in event of nonpayment of the note or any of the above debt, original or renewed, or any interest thereon, or any of the instalments therein provided for,

at the time or times when the same shall, by the terms thereof, become due and payable, or of the sale, incumbrance or removal without the written permission of the said Pierce & Jenkins of the said automobile from the present place of business or residence of the signer in Town ———— County Sheridan State Nebraska the said Pierce & Jenkins or the endorser or owner of this instrument is hereby authorized and given full power to declare the note and the debt herein referred to, due and payable at once, even before maturity of the same, and in that case said Pierce & Jenkins or assigns may sell said automobile at public or private sale and retain all payments I have made in lieu of the use thereof, and as charges and damages on the same.
"Wm. Newton."

The paper was indorsed: "Pierce & Jenkins by G. M. Jenkins."

At the close of the evidence both parties moved for directed verdicts. The rule in such event is that, where both plaintiff and defendant in a civil trial by jury move the court to direct a verdict of the jury in their favor, they thereby submit the case to the court upon the issues of law arising upon the facts as the court finds those facts from the evidence. *Segear v. Westcott,* 83 Neb. 515; *Dorsey v. Wellman,* 85 Neb. 262; *Henton v. Sovereign Camp, W. O. W.,* 87 Neb. 552; *Davison v. Land,* 89 Neb. 58.

Laying aside the questions of law arising by reason of the sale contract executed and delivered along with the note, there is ample evidence to support the judgment of the trial court that the bank was the holder of the note in due course. It was regular on its face, it was taken in good faith and for full value within a day or two after it was made, and the bank had no notice of any defect or infirmity in the note or defect in the title of Pierce and Jenkins, all as required by section 4663, Comp. St. 1922, which is a part of our uniform negotiable instruments act, effective August 1, 1905 (Laws 1905, ch. 83). The bank likewise at the same time became the owner and holder by delivery and by assignment of the contract which was printed and

was signed by defendant on the same form as the note and which contract referred to "the above note."

It is claimed by defendant that this sale contract was void and could never convey the right of possession to the bank because it was not recorded until after the maturity of the note. The note became due January 15, 1928. The evidence shows that a copy of the note and contract with such an affidavit as is required by section 2464, Comp. St. 1922, was filed for record in the office of the county clerk of Sheridan county, where defendant resided, on February 23, 1928. The defendant then had possession of the car. No rights of purchasers or creditors had intervened. The purpose of the section just cited is to protect "purchasers in good faith or judgment or attaching creditors without notice." There were none such. Only as to them is such a contract invalid if not filed. *McCormick v. Stevenson,* 13 Neb. 70; *Campbell Printing Press & Mfg. Co. v. Dyer,* 46 Neb. 830; *Osborne Co. v. Plano Mfg. Co.,* 51 Neb. 502; *Wilson v. Lewis,* 63 Neb. 617.

There was satisfactory evidence before the trial court that the bank had no notice of any claim on the part of Newton against Pierce and Jenkins that might be asserted as a defense against them, though of course it had notice of whatever was contained in the contract attached. But Newton claims that, as a matter of law, the conditional sale contract put the bank upon notice so as to destroy the negotiability of the note.

It may be noted that we held, in *Peterson v. Kuhn,* 110 Neb. 372: "A promissory note, secured by a real estate mortgage which provides that the mortgagor shall pay the taxes levied against the mortgage or debt secured thereby, is negotiable, notwithstanding the fact that the note and mortgage are parts of a single transaction." This decision was bottomed on certain changes in the statutes relating to mortgages and thus did away with the effect of certain prior decisions cited in the opinion; but the opinion took note of the negotiable instruments law and argued that the conclusion was not affected thereby. The decision

was followed in a similar case. *Lindstrom v. Beacom*, 110 Neb. 607.

This court held in an early opinion written by Judge Cobb that a promissory note, otherwise negotiable, is not rendered nonnegotiable by reason of containing a recital in these words: "The express condition of the sale and purchase of this Ohio reaper and mower No. ———— is such that the title, ownership, or possession does not pass from the said McDonald & Co. until this note and interest is paid in full. That the said McDonald & Co. have full power to declare this note due and take possession of said machine at any time they may deem themselves insecure, even before the maturity of the note." *Heard v. Dubuque County Bank*, 8 Neb. 10. Pound, C., in an opinion cited the foregoing case and said: "A note otherwise negotiable is not rendered nonnegotiable merely by a provision for or reference to collateral security." *Roblee v. Union Stock Yards Nat. Bank*, 69 Neb. 180. These cases have never been overruled. It is true that they arose prior to the adoption of the uniform negotiable instruments act. It is to be said on the other hand, also, that in the case at bar the conditions relating to the security afforded by the contract as to the automobile were not embodied in the note itself but were evidenced by a separately signed contract. No particular section of the law has been pointed out in the argument as contravening the holding in these cases.

A somewhat similar case arose in the state of Washington, although under the first paragraph of what is our section 4614 of the negotiable instruments act, defining what is an unconditional promise. After a note which was negotiable in form, the parties signed the following written agreement on the same paper: "It is herein provided and agreed that the above note is to be paid from the proceeds obtained from the sale of lots in the town of Vanora, * * * and that one-fourth of the proceeds of all sales of the lots * * * are to be applied to the payment of said note and interest until the same is paid." Plaintiff, an indorsee, sued the maker of the note. It appeared that all the lots

had been sold and the proceeds were not sufficient to pay the note in full. Held, that the promise to pay was unconditional and that plaintiff could recover. *Van Tassel v. McGrail,* 93 Wash. 380.

While differing from this case in the fact that the recital was in the note rather than in a separate instrument, one of the best cases we have seen is from Delaware, decided in 1922, to the following effect: "A recital in a note that it was given covering deferred instalments under conditional sales contract for motor vehicle does not render it nonnegotiable under uniform negotiable instruments act (Rev. Code 1915, secs. 2646, 2647, 2649, 2650), and suit may properly be brought in the name of the indorsee thereof." *Continental Guaranty Corporation v. Peoples Bus Line,* 31 Del. 595.

The retention of title and the right of possession in the vendor appeared in the facts in *Heard v. Dubuque County Bank,* 8 Neb. 10, as it does in the instant case. The rule in that respect is stated in 3 R. C. L. 917, as follows: "It seems to be a settled rule that the negotiability of a note is not destroyed merely because, in addition to the promise to pay, it contains a statement that the title to the property for which the note is given is not to pass until the note is paid."

We are of the opinion that the note sued on was negotiable and that, as between the plaintiff and the defendant Newton, any counterclaim or set-off he may have had against Pierce and Jenkins could not, in the circumstances disclosed by the pleadings and evidence, be a proper defense as against the note in the suit of the bank against the defendant.

There being no joint liability of Pierce and Jenkins and of plaintiff to Newton for such accounting and damages as he claimed against Pierce and Jenkins, the court did not commit any prejudicial error in sustaining the motion of Pierce and Jenkins to quash the service secured upon them in Box Butte county. The action was not rightly brought against them and hence there was no statutory right to

obtain jurisdiction over them by serving them with summons in another county than the one in which the suit was brought. Comp. St. 1922, sec. 8570.

Finding no errors in the proceedings and trial, we are of the opinion that the judgment of the district court should be and it is . **AFFIRMED.**