WILLIAM R. LINCH, APPELLANT, V. ROY H. THORPE, APPELLEE.

300 N. W. 383

FILED OCTOBER 17, 1941. No. 31162.

*Burkett, Wilson & Van Kirk* and *Bruce Fullerton,* for appellant.

*George I. Craven, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and YEAGER, JJ., and CHAPPELL and ELLIS, District Judges.

YEAGER, J.

This is an action by William R. Linch, plaintiff and appellant, to recover on a promissory note against Roy H. Thorpe, defendant and appellee. It is the claim of plaintiff that on April 5, 1933, the defendant executed and delivered to the order of G. A. Manifold the note in question, which was for the principal sum of $3,500, with interest at the rate of 6 per cent. per annum with 10 per cent. after maturity, with its maturity date December 31, 1933. On April 12, 1933, a credit of $1,750 was indorsed on the note which is admitted as a proper credit. It is the further claim of plaintiff that the note as credited was, on December 26, 1933, indorsed without recourse, and for value sold by G. A. Manifold to the plaintiff who is owner and holder, and that the defendant has refused and neglected to pay the amount due on the note.

The defendant in his amended answer admitted that he signed and delivered the note, but generally denied the other allegations of the petition, and then pleaded affirmatively that the plaintiff was not a holder in due course; that the note and a contemporaneous contract were canceled, and another contract was substituted therefor on May 6, 1933; and that on September 19, 1933, there was a settlement and accord and satisfaction between G. A. Manifold and the defendant by reason of which the note in question should have been delivered back to the defendant.

A jury was impaneled and all of the evidence was adduced. At the conclusion of the evidence both parties moved for a directed verdict, whereupon the jury was discharged, and thereafter the court made a finding generally against the plaintiff and in favor of defendant and entered judgment accordingly. From this judgment the plaintiff has appealed.

This joinder of motion was a consent of the parties that the court should find the facts. The finding of facts so made by the court has the same force and effect as the verdict of a jury, and if there was competent evidence to support the finding it will not be disturbed on appeal.

*Dorsey v. Wellman,* 85 Neb. 262, 122 N. W. 989; *Knies v. Lang,* 116 Neb. 387, 217 N. W. 615; *First Nat. Bank v. Newton,* 119 Neb. 394, 229 N. W. 334; *Fidelity & Deposit Co. v. B. Grunwald, Inc.,* 129 Neb. 749, 262 N. W. 831; *Bonacorso v. Camden Fire Ins. Ass'n,* 130 Neb. 203, 264 N. W. 442.

This court has held uniformly to the rule that questions of fact are to be decided by the trial jury, and a verdict will not be set aside on the ground of a want of sufficient evidence to support it, unless the want is so great as to show that the verdict is manifestly wrong. *Sycamore Co. v. Grundrad,* 16 Neb. 529, 20 N. W. 832; *Warrick v. Rounds,* 17 Neb. 411, 23 N. W. 785; *American Bldg. & Loan Ass'n v. Mordock,* 39 Neb. 413, 58 N. W. 107; *Ryan v. Continental Casualty Co.,* 94 Neb. 35, 142 N. W. 288; *Dore v. Omaha & C. B. Street R. Co.,* 97 Neb. 250, 149 N. W. 792; *Norman v. Kusel,* 97 Neb. 400, 150 N. W. 201; *Wenquist v. Omaha & C. B. Street R. Co.,* 97 Neb. 554, 150 N. W. 637; *Live Stock Nat. Bank v. Bragonier,* 98 Neb. 506, 153 N. W. 504; *Sippel v. Missouri P. R. Co.,* 102 Neb. 597, 168 N. W. 356; *Curran v. Union Stock Yards Co.,* 111 Neb. 251, 196 N. W. 135; *Stewart v. Weiner,* 111 Neb. 797, 198 N. W. 159.

In the light of these rules, was there such a lack of evidence in support of the contentions of the defendant as would require this court to hold that the finding of the trial court was manifestly wrong?

The first defense, in the language of appellee's brief, is "that plaintiff, William R. Linch, is not a holder of said note in due course."

In section 62-402, Comp. St. 1929, a holder in due course is defined as follows: "A holder in due course is a holder who has taken the instrument under the following conditions: First. That it is complete and regular upon its face; Second. That he became the holder of it before it was over-due and without notice that it had been previously dishonored if such was the fact; Third. That he took it in good faith and for value; Fourth. That at the time

it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The note in question is complete and regular upon its face. On this question there is no controversy. The defendant, however, in his pleadings and evidence questions the other three essentials of the holding of a note in due course. The burden is his to overcome the statutory presumption (section 62-409, Comp. St. 1929) that the plaintiff was the holder of the note in question in due course. The effect of the finding and judgment of the trial court was that the evidence. was sufficient to overcome this presumption, and further that the evidence on this proposition preponderated in favor of the defendant.

On this question the evidence is fragmentary, scattered through the bill of exceptions, and relates to facts directly bearing upon the controversy and other facts from which pertinent inferences may be legitimately and properly drawn. In full detail it will not be set out here, but certain portions will be referred to.

In March, 1934, which was after the note became due, Manifold, the original payee and the indorser, tried to sell the note to H. E. Worrell, of Omaha. Manifold's explanation was that he expected to get it back from Linch. The inference drawn by defendant was that at that time Manifold still held the note. At the trial the plaintiff admitted that Manifold told him that he hoped that he (Linch) would have better luck collecting the note than he (Manifold) did. In this connection defendant urges that it is a proper inference that at the time of the transfer of the note it was past due, otherwise collection would not have been attempted, and further that this conversation was notice of dishonor of the note to plaintiff. Further, Manifold told Linch that he did not think he could collect ten cents on the dollar.

The evidence is clear that the note, the face value of which was $1,750, was purchased for $175. The defendant insists that this disparity between face and sale price

was sufficient to put the plaintiff on inquiry as to the good faith of the transaction. In *Smith v. Jansen,* 12 Neb. 125, 10 N. W. 537, this court sustained a dismissal by the trial court based on the proposition that a purchaser who purchased five negotiable promissory notes of the aggregate face value of $100, secured by a real estate mortgage, for $30 was not a *bona fide* purchaser. In the opinion it is stated: "The rights of a holder of negotiable paper purchased before due are to be determined by the simple test of honesty and good faith on his part in making the purchase. In determining whether the purchaser has acted in good faith or not the amount of the consideration may become a material inquiry." A large number of cases from various jurisdictions supporting this view are collected in notes in 91 A. L. R. 1154 *et seq.*

From the evidence it is clear that defendant had an absolute defense to the promissory note in question in the hands of Manifold, the named payee. Therefore, from an examination of all of the evidence we are unable to conclude that there is a want of sufficient evidence to support the finding and judgment of the district court or that the finding and judgment are manifestly wrong. There were sufficient facts on the issues tendered by the answer to submit to a jury, had not the motions for directed verdict been made, and likewise, under the circumstances, there were facts determinable by the court on these issues.

The judgment of the district court is

AFFIRMED.