## WARREN LIVE STOCK CO. v. FARR et al.

(Circuit Court of Appeals, Eighth Circuit.   October 18, 1905.)

No. 1,943.

1. EVIDENCE—RELEVANCY—ESTOPPEL BY INTRODUCTION OF SIMILAR EVIDENCE.

A party who first introduces evidence which is irrelevant to the issues cannot assign error on the admission of evidence from the adverse party relating to the same matter.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 445–458.]

2. SAME—STATEMENTS.

Evidence is not admissible to prove statements made by a previous witness, who was plaintiff's agent, more than a month prior to any transaction testified to by him, which did not accompany any act on his part, so as to be a part of the res gestæ, and which were not called to his attention on his cross-examination.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action in trespass brought by the Warren Live Stock Company, which claimed that the defendants conspired to break up its business of rearing and grazing sheep upon its lands in Colorado, and to drive it and its sheep away. It was averred that in furtherance of the conspiracy the defendants went upon the plaintiff's lands with their own bands of sheep, depastured the grass thereon, and wholly destroyed, for the year, a portion thereof, which it had reserved as a winter pasture; that the trespass of defendants was after full warning and notice of the locality and description of the plaintiff's holdings and was attended with malice, insult and a wanton and reckless disregard of its rights. Judgment was asked for $3,500 compensatory and $2,500 exemplary damages. The defendants denied the trespass, and in turn claimed that the plaintiff was endeavoring to drive them out of the country, and to prevent them from grazing their sheep upon the unoccupied public domain which was open to all. The trial resulted in a verdict and judgment for plaintiff in the sum of $1, whereupon it prosecuted this proceeding in error.

John W. Lacey and Timothy F. Burke (H. N. Haynes, on the brief), for plaintiff in error.

F. J. Green and James W. McCreery, for defendants in error.

Before SANBORN and HOOK, Circuit Judges, and LOCHREN, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

To support its case in chief the plaintiff produced as a witness one Hempstone, its foreman, who testified that on June 30, 1901, the sheep of plaintiff and defendants became intermingled on the lands of the former, and after their separation at some distant corral the defendants' sheep were brought back to the neighborhood of plaintiff's camp. He also testified to certain conversations with some of the defendants relative to their pasturing, and their plans for the ensuing season.

The plaintiff assigns 11 errors in the admission of evidence on behalf of the defendants. With an exception presently to be noted this evidence related to the above-mentioned matters testified to by Hempstone. Part of the evidence objected to consisted of defendants' version of the

conversations which Hempstone had previously testified to, and it was therefore clearly admissible. Some of the evidence objected to was wholly unimportant and unprejudicial. Some of the objections were insufficient to challenge the consideration of the trial court. And part of the evidence was offered by defendants to show that the intermingling of the sheep was caused by the active efforts of Hempstone, who prevented interference with the accomplishment of his design by threats of personal violence. The relevancy of plaintiff's evidence as to the intermingling is not very apparent, the injury resulting from it not having been counted on as being productive of any of the damages claimed. If it was intended to support the averment of conspiracy between the defendants to drive the plaintiff from its range, then it was certainly proper for the defendants to show, not only that the intermingling was the result of the acts and directions of Hempstone, but also his declarations while the affair was in progress as indicating his purpose and intent. But, even if the matter of the intermingling of the sheep was wholly irrelevant to the issues, the plaintiff is in no position to object to the defendants' evidence concerning it. It was the plaintiff who first introduced into the case evidence upon that subject. It is a familiar rule that one who induces a trial court to let down the bars to a field of inquiry that is not competent or relevant to the issues cannot complain if his adversary is also allowed to avail himself of the opening. Kansas City Star Co. v. Carlisle, 47 C. C. A. 384, 108 Fed. 344; Salt Lake City v. Smith, 43 C. C. A. 637, 104 Fed. 457; A. T. & S. F. R. Co. v. Reesman, 9 C. C. A. 20, 60 Fed. 370, 23 L. R. A. 768; Ward v. Blake Mfg. Co., 5 C. C. A. 538, 56 Fed. 437; Bogk v. Gassert, 149 U. S. 17, 25, 13 Sup. Ct. 738, 37 L. Ed. 631.

But there is another matter in connection with the evidence admitted that is of a more serious character. Defendants' witness Monroe was allowed to testify over the plaintiff's objection that Hempstone told him about May 20, 1901, that they (the plaintiff and its employés) were going to make Farr (a defendant) all the trouble they could that summer, and that just as soon as the lambing season was over and Farr went out with his wagons he was going to follow him up with dry bands of sheep. Hempstone had not testified in chief to any such conversation nor had his attention been directed to it upon cross-examination. It occurred, according to Monroe, more than a month before the trouble, which arose in the latter part of June, and it did not accompany any act of Hempstone so as to be a part of the res gestæ. The admission of the testimony of Monroe was therefore erroneous. Its prejudicial character is manifest when it is observed that it was strenuously contended by defendants all through the trial that the plaintiff's employés, including Hempstone, were the aggressors, and that they were following the defendants with bands of sheep and endeavoring to prevent them from using the unoccupied public lands.

We refrain from considering the other assignments of error, for the reason that the matters therein embraced may not again arise.

The judgment of the Circuit Court is reversed, and the cause remanded, with direction to award a new trial.