### BRADLEY et al. v. ADAMS EXPRESS CO.

### No. 7079.

Circuit Court of Appeals, Sixth Circuit.

March 5, 1937.

William Waller, of Nashville, Tenn. (K. T. McConnico and C. P. Hatcher, both of Nashville, Tenn., on the brief), for appellants.

F. M. Bass, of Nashville, Tenn., and Branch P. Kerfoot, of New York City (Bass, Berry & Sims, of Nashville, Tenn., on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and LEDERLE, District Judge.

LEDERLE, District Judge.

The question in this case is whether the trial court committed reversible error in permitting an expert witness to read into the record excerpts from a printed publication.

Appellants claim damages because of the destruction or injury of a number of race horses that were being transported by appellee, a common carrier, at the time the wreck occurred on July 7, 1915.

Another case involving the same wreck was tried at an earlier date and the decision of the trial court was affirmed by this court and later by the Supreme Court. Adams Express Company v. Darden, 286 F. 61; Id., 265 U.S. 265, 44 S.Ct. 502, 68 L.Ed. 1010.

In the present case the jury returned a verdict in favor of the defendant. Appellants contended that the wreck was caused by the defective equipment of the railroad company. The appellee contended that a heavy windstorm was the sole cause of the wreck. This question of fact was submitted to the jury by the court and no exceptions were taken to the court's charge.

The court instructed the jury that "a common carrier is in the nature of an insurer and it is its duty to safely deliver

freight entrusted to it to the point of destination. It is required to furnish safe vehicles in which to transport freight," and the court further instructed the jury that the burden is upon the defendant to show "by a preponderance of the evidence by clear proof that the accident was caused by the windstorm alone and not through any fault or negligence of its own."

During the trial of the case much of the proof consisted of the transcribed testimony of witnesses taken in the case of Adams Express Company v. Darden, supra. Much of this testimony tended to prove that the accident was caused by a defective freight car. Appellee called as a witness in this case one Dr. L. C. Glenn, a professor of meteorology at Vanderbilt University who qualified as an expert in that field. He testified that in his opinion based upon the facts in evidence that the storm at the time and place of the wreck was an actual tornado and that it could have caused the wreck. On redirect examination he was asked by appellee's counsel if the government reports did not show that on other occasions cars had been blown out of a moving passenger train by a storm in a similar manner. Appellants objected. The court overruled the objection and exceptions were duly taken by all of the appellants. Thereupon, the witness answered the question in the affirmative. Thereafter, and over the objection of the appellants, the witness read into the record excerpts from the Monthly Weather Review issued by the United States Weather Bureau, which the witness and appellee's counsel intimated was an official publication of the United States government, and appellants' counsel were of the opinion that it was an official record and raised no objection to it on that ground.

The trial court admitted this testimony on the ground that appellants' counsel in the cross-examination of two of appellee's witnesses, asked the same questions. It is the claim of appellants that they merely asked the questions to test their qualifications as expert witnesses, their veracity, and their knowledge of matters to which they testified. It was the court's opinion that appellants' examination went beyond this and injected matters into the case which would be highly prejudicial if appellees were not given an opportunity to meet it.

As early as 1830, Mr. Chief Justice Marshall in the United States Supreme Court referred to a situation similar to this.

"This testimony was, undoubtedly, irrelevant, and had it been opposed, could not have been properly admitted. Had the defendant moved the court to instruct the jury that it must be utterly disregarded, that it must not be considered by them as testimony, and this instruction had been refused, the refusal to give it would have been error. The defendant, however, has not taken this course; but has chosen to repel the testimony by other evidence, which was clearly inadmissible. Whether a case may exist, in which improper testimony may be calculated to make such an impression on the jury, that no instruction given by the judge can efface it, and whether in such a case, testimony, not otherwise admissible, may be introduced, which is strictly and directly calculated to disprove it, are 'questions on which this court does not mean to indicate any opinion. It is unnecessary, because the testimony rejected by the court is not of this character." Stringer v. Lessee of Young et al., 3 Pet. 320, 337, 7 L.Ed. 693.

"It frequently happens that evidence which might be inadmissible under strict rules is nevertheless introduced into the case through inadvertence or otherwise, under which circumstances it is held that the adverse party is entitled to introduce evidence on the same matters, lest he be prejudiced; the rule being that the party who first introduces evidence which is irrelevant to the issues cannot assign error on the admission of evidence from the adverse party relating to the same matter." 22 C.J. p. 195, § 163; Thomas v. State, 121 Tenn. 83, 113 S.W. 1041, 130 Am.St.Rep. 756; Wigmore on Evidence (2d Ed.) Volume 1, § 15. "It is a familiar rule that one who induces a trial court to let down the bars to a field of inquiry that is not competent or relevant to the issues cannot complain if his adversary is also allowed to avail himself of the opening." Warren Live Stock Company v. Farr and others (C.C.A.) 142 F. 116, 117; Watts v. Southern Bell Telephone & Telegraph Company (C.C.) 66 F. 453.

It has been said that the applicable rule in cases of this kind is that, "since each party is alike in the condition of 'volenti non fit injuria' neither can complain of a ruling either admitting or rejecting—a waiver being predicable of both. The matter is thus left in the hands of the trial court. Modify this in certain cases by conceding to the opponent, as of right, to use the curative of counter-evidence when

a plain and unfair prejudice would otherwise have inured to him, and the rule will be sufficiently flexible." Wigmore on Evidence (2d Ed.) § 15.

The hearing of this case extended over a lengthy period, and the case had been before the courts for many years. The trial court was of the impression that the testimony injected into the record by the appellants was of such a character that in a spirit of fairness the appellees should be entitled to meet it.

Under the circumstances, the court's ruling was justified. The judgment is affirmed.