# UNITED STATES v. REGENTS OF NEW MEXICO SCHOOL OF MINES.

No. 4093.

United States Court of Appeals Tenth Circuit.

Nov. 8, 1950.

---

390

John C. Harrington, Washington, D. C., (Roger P. Marquis, A. Devitt Vanech, Washington, D. C., Lorenzo A. Chavez, and William B. Robinson, Albuquerque, N. M., on the brief), for appellant.

Owen B. Marron, Albuquerque, N. M., and Oliver Seth, Santa Fe, N. M., (J. O. Seth, Santa Fe, N. M., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge:

The United States, at the request of the Atomic Energy Commission, filed this proceeding to acquire by condemnation the fee title to a tract of land consisting of 87.3 acres together with the buildings and improvements thereon for use in connection with the Sandia Scientific Laboratory. The property was situated on the then periphery of the City of Albuquerque, and it belonged to the New Mexico School of Mines. A declaration of taking was filed in the proceeding in which estimated just compensation was fixed at $375,000. That sum was deposited in the registry of the court and an order was entered vesting and confirming title in the United States. Commissioners were appointed, and in their report the fair market value of the property was fixed at $631,308.34. Both parties appealed from the award of the appraisers and the issue

of value was tried to a jury. Three witnesses testifying as experts for the owner fixed the value of the property at $838,980.42, $742,509, and $631,308.34, respectively; and three testifying as experts for the government fixed the value at $425,000, $375,000, and $375,000, respectively. The jury returned a verdict fixing the value at $650,101.50; judgment was entered accordingly; and the government appealed.

 It is contended that the court erred in admitting in evidence testimony respecting an offer made by Doctor W. R. Lovelace on behalf of the Lovelace Foundation for Medical Education and Research to purchase the property at a price of $500,000. It is the general rule that evidence of specific offers of purchase is not admissible for the purpose of establishing the reasonable market value of property. The primary reasons underlying the rule are that evidence of that kind is often speculative, usually no opportunity is offered for cross-examination of the persons said to have made the offers, and collateral inquiries are injected into the case which may tend to confuse the main issue. Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 55 F.2d 612; Emerald Oil Co. v. Commissioner of Internal Revenue, 10 Cir., 72 F.2d 681. And that general rule has application in a case of this kind involving the question of the fair market value of property taken by condemnation. Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211; Bank of Edenton v. United States, 4 Cir., 152 F.2d 251; St. Joe Paper Co. v. United States, 5 Cir., 155 F.2d 93.

 But it is also a rule of recognized judicial dignity that if a party interjects into a case incompetent evidence tending to establish immaterial or unrelated facts, he cannot complain on appeal that his adversary subsequently offered and was permitted to introduce the same kind of evidence. It is well established law that where one party opens a field of inquiry that is not competent or relevant to the issues in the case, he will not be heard to complain that his adversary was allowed to avail himself of the opening and introduce additional evidence pertinent to that field of inquiry even though

under other circumstances the testimony would be inadmissible. A party, having himself opened the door to evidence which is inadmissible for the reason that it is not the proper method of establishing or resisting the issues in the case, cannot complain that thereafter the court in the exercise of its sound judicial discretion permitted the opposite party to introduce other testimony bearing upon that field of inquiry, even though under different circumstances the testimony would be subject to valid objection of inadmissibility. Ward v. Blake Manufacturing Co., 8 Cir., 56 F. 437; Post Publishing Co. v. Hallam, 6 Cir., 59 F. 530; Atchison, Topeka & Santa Fe Railroad Co. v. Reesman, 8 Cir., 60 F. 370; Warren Live Stock Co. v. Farr, 8 Cir., 142 F. 116; Bradley v. Adams Express Co., 6 Cir., 89 F.2d 641.

 The offer of Doctor Lovelace acting on behalf of the Lovelace Foundation for Medical Education and Research to purchase the property at a price of $500,000 was interjected into the case in the course of the cross-examination of the first witness introduced by the owner. The witness had testified that in his opinion the fair market value of the property was $838,980. The trend of the cross-examination was to probe the factors which the witness took into consideration in arriving at that value. At one point he was asked if he knew that the owner purchased the property for $300,000; and at another place he was asked if he knew that Doctor Lovelace entered into a contract to buy it for $325,000. In response to a question he stated in effect that according to his information Doctor Lovelace was also offered the property for $300,000 at the time the School of Mines purchased it and that he later offered $500,000 for it. And in response to another question with respect to the consideration he gave to certain factors, he again referred to the fact that the doctor had the opportunity to buy it for $300,000 and later offered $500,000 for it. No motion was made to strike either answer on the ground that it was not responsive to the question, on the ground that it improperly interjected into the case incompetent testimony relating to an immaterial issue, or on any other ground.

Instead, both answers were permitted to stand without challenge. After the offer had been interjected into the case in that manner, the owner was permitted on redirect examination of the witness to ask about the offer, to inquire of subsequent witnesses about it, and to prove on cross-examination of a witness for the government that Doctor Lovelace bore the reputation of being very competent in dealing in real estate and of never paying more than property was worth. In permitting the owner to go further into the matter over the objection of the government, the court stated in effect that the government interjected the matter into the case. Since the government was responsible for the first evidence coming into the case relating to the offer, it was well within the discretion of the court to permit further testimony concerning it, and the admission of such further testimony does not warrant disturbance of the judgment. Ward v. Blake Manufacturing Co., supra; Post Publishing Co. v. Hallam, supra; Atchison, Topeka & Santa Fe Railroad Co. v. Reesman, supra; Warren Live Stock Co. v. Farr, supra; Bradley v. Adams Express Co., supra.

■■ Error is assigned upon the denial of the motion for new trial. One argument in support of the assignment is that the court abused its discretion in refusing to determine whether the award of the jury was excessive. But a careful examination of the record is convincing that the court did consider the question and was of the view that under the evidence adduced the amount fixed by the jury as the 'fair market' value of the property was not excessive. Another argument designed to support the assignment is that the court was inconsistent in its reasoning in overruling the motion. But we are unable to share that view. We perceive no inconsistency in the reasoning of the court which lends aid to the government. Furthermore, a motion for new trial is addressed to the sound judicial discretion of the trial court and its action in the denial of the motion will not be reviewed on appeal except in a clear case of abuse of such discretion. Missouri, Kansas & Texas Railway Co. v. Jackson, 10 Cir., 174 F.2d 297; Kansas City Public Service Co. v. Shephard, 10 Cir., 184 F.2d 945. There was no abuse of discretion in the denial of the motion in this case.

The judgment is affirmed.