856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Brenton PRESTON, Plaintiff-Appellant,
v.
George WILSON, et al., Defendants-Appellees.
 No. 87-5546.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1988.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pro se plaintiff, John Brenton Preston, appeals from the order of the district court denying his motion for a new trial in this prisoner civil rights action brought under 42 U.S.C. Sec. 1983.[1] For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 Appellant is a Kentucky prisoner who has spent most of the past twenty-four years in various Kentucky correctional facilities. On September 26, 1984, appellant filed a complaint in the United States District Court for the Western District of Kentucky charging that several prison officials had violated his constitutional rights. Appellant's principal complaints were that he was denied due process when he was placed in protective custody, he was denied due process in certain disciplinary proceedings, and that he was subjected to cruel and unusual punishment because he was denied adequate protection from assault by other inmates. His claims survived motions to dismiss and for summary judgment and were heard by a jury on March 20 and 21, 1987. The jury returned a verdict for the defendants, and judgment was entered on March 26, 1987.
 
 
 3
 On April 6, 1987, appellant filed a motion for a new trial. He alleged that the defendant's introduction of the issue of homosexuality into the trial so prejudiced his case that the jury based its verdict on an anti-homosexual bias and not on the evidence. On April 9, 1987, appellant filed a supplement to his motion for a new trial in which he again asserted that the verdict was against the weight of the evidence, and also asserted that a new trial should be granted because the district court prevented him from presenting relevant evidence. On May 4, 1987, the district court entered an order denying appellant's motion for a new trial. Appellant timely appeals from this order. He offers his arguments put forth in his motion and supplemental motion for a new trial in lieu of a brief before this court.
 
 II.
 
 4
 Appellant essentially makes three arguments before this court: (a) that the district court should have granted him a new trial because the jury's verdict was against the weight of the evidence; (b) that the introduction of evidence of his homosexual activities, without a limiting instruction, and the comments of the defendant during closing arguments were so prejudicial that a new trial is warranted; and (c) that the district court improperly limited his opportunity to present evidence.
 
 A.
 
 5
 We review appellant's challenge to the district court's denial of his new trial motion for an abuse of discretion. "With respect to the applicable scope of review of a District Court decision granting or denying a new trial on the basis of the weight of the evidence, it is well settled that reversal may be predicated only upon an abuse of discretion." TCP Industries, Inc. v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir.1981) (quoting Duncan v. Duncan, 377 F.2d 49, 53 (6th Cir.) cert. denied, 389 U.S. 913 (1967)).
 
 
 6
 In this case, appellant's allegations were countered by evidence presented by the appellee. His charges that he was denied due process in his reclassification and in his disciplinary proceedings were countered by direct testimony of prison officials and by the prison records. His claim that he was not protected by the prison officials was countered by testimony that appellant was assaulted while he was in the general prison population and not in protective custody, and that his return to the general population was at his insistence, as he stated that he could take care of himself. Given the conflicting evidence concerning appellant's claims, we hold that the district court did not abuse its discretion in denying appellant's motion for a new trial on the basis of the weight of the evidence.
 
 B.
 
 7
 Appellant argues that the introduction of evidence of his homosexual activity was erroneous because it was so prejudicial that it caused the jury to rule on the basis of passion and not on the basis of the evidence.
 
 
 8
 Under Rule 403 this Court has recognized that 'the admission of relevant potentially prejudicial evidence is placed within the sound discretion of the trial court. Such discretion must be exercised by balancing the probative value of the evidence against its prejudicial attributes. If in the discretion of the court the probative value of the evidence is substantially outweighed by its prejudicial character, the evidence is inadmissible.' (emphasis supplied). Appellate court review of this discretion is limited. We must look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.
 
 
 9
 United States v. Zipkin, 729 F.2d 384, 389 (6th Cir.1984) (citations omitted).
 
 
 10
 The evidence at issue was introduced to show the reason for appellant's placement in protective custody. Giving the evidence its maximum probative value and minimizing its prejudicial effect we cannot conclude that the district court abused its discretion in admitting this evidence.
 
 
 11
 Appellant also argues that the court should have given a limiting instruction concerning this evidence sua sponte. Federal Rule of Evidence 105 addresses limiting the admissibility of evidence.
 
 
 12
 When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.
 
 
 13
 Fed.R.Evid. 105 (emphasis added).
 
 
 14
 In the instant case, appellant's contention that the court should have given a limiting instruction sua sponte runs counter to the clear language of the rule. Under these circumstances, we cannot find error in the court's failure to give such an instruction. Even if such an instruction had been requested, we believe the failure to give the instruction was harmless given the evidence which supported the jury's verdict.
 
 
 15
 Finally, petitioner challenges a comment of the defense counsel at closing argument.[2] In Rommel-McFerran Company v. Local Union No. 389, International Brotherhood of Electrical Workers, 361 F.2d 658 (6th Cir.1966) this court restated the rule that: "[c]ounsel should not introduce extraneous matter before a jury or, by questions or remarks, endeavor to bring before it unrelated subjects and, where there is a reasonable probability that the verdict of a jury has been influenced by such conduct it should be set aside." Id. at 662 (quoting Twachtman v. Connelly, 106 F.2d 501 (6th Cir.1939)).
 
 
 16
 The comments of the defense counsel were made while explaining why appellant was placed in protective custody and why the defendants would not transfer him to a cellhouse which housed younger inmates. Although the comment may have been insensitive, given its context and given the entire record we do not find that it is reasonably probable that the jury's verdict was influenced by the comment.
 
 C.
 
 17
 Appellant's final argument is that the district court improperly limited his opportunity to present evidence. We have reviewed the record and find this argument to be meritless.
 
 
 18
 Rule 611(a) provides the trial judge with broad discretion over "the mode and order of interrogating witnesses and presenting evidence as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed.R.Evid. 611(a). In the instant case, we hold that the district court did not abuse its discretion when it limited appellant's interrogation of certain witnesses, since the limitation of repetitive questioning was done to avoid the needless consumption of time and protect the witnesses from harassment.
 
 
 19
 For the foregoing reasons, appellant's motion for appointment of counsel is DENIED and the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Appellant also moves for appointment of counsel
 
 
 [2]
 Although appellant does not cite to the record, the following comment is apparently the one upon which he bases his complaint:
 "And then you determine that if you had a relative or if you had a son or if you had a friend that was young and first offender or locked up there, if you wanted him in with them."